| 44 | 57 |
| 76 | 70 |

IN RE ESTATE OF ALFRED D. RATHBONE, DECEASED.

*Executors—Settlement of accounts.*

The probate court may require executors whose accounts are under investigation, to submit to oral examination under oath by counsel for heirs and legatees of the estate.

Certiorari to Kent. Submitted June 8. Decided June 16.

*Blair, Kingsley & Kleinhans* for plaintiff in *certiorari.* The examination of an executor upon rendering his account should be by the probate court, and ought not to be con-

trolled by heirs, legatees or creditors: *Buchan v. Rintoul* 70 N. Y. 1; *Westervelt v. Gregg* 1 Barb. Ch. 469; *Hall v. Grovier* 25 Mich. 436.

*Norris & Uhl* for defendants in *certiorari*. The Massachusetts statute permitting an executor to be examined on oath by the judge of probate was adopted in the Michigan Revised Statutes of 1837. See Smith's Probate Law, 3d ed. 217; *Stearns v. Brown* 1 Pick. 535; *Saxton v. Chamberlain* 6 Pick. 425; *Higbee v. Bacon* 7 Pick. 14: 8 Pick. 489; *Pope v. Jackson* 11 Pick. 118; *Bailey exr. v. Blanchard* 12 Pick. 166; *Bard v. Wood* 3 Met. 76; *Sigourney v. Wetherell* 6 Met. 558; *Wade v. Lobdell* 4 Cush. 510.

GRAVES, J. The probate court of Kent county, having under its cognizance the investigation of the accounts of Mr. George H. White as executor of the will of said Alfred D. Rathbone, deceased, made an order to the effect "that the said executor, George H. White, do submit to an oral examination under oath by counsel for the heirs and legatees of said estate." Mr. White expressed his willingness to be examined on oath by the court upon any matter relating to said account, but objected to such examination by counsel for the heirs and legatees, and upon the ground that the statute gave no such power: Comp. L., § 4489. The judge of probate overruled the objection and Mr. White appealed to the circuit court, and the order was affirmed.

We are now asked to revise the ruling on *certiorari*. The court is unable to find any merit in the objection. The right of examination in such cases is one of great importance, and it is not easy to see how it can be made oppressive to any honest trustee. In a great number of cases the ability to trace out transactions and ascertain the truth in fiduciary matters must depend very much at least upon such disclosure or discovery as is freely made on the one hand or coerced on the other, and the reason is very strong against anything likely to fetter the power, where necessary explanation is not spontaneous but requires pressure.

It seems extremely probable that those actually interested would possess great advantage over the judge in the knowledge of facts and incidents essential to a fruitful examination, and that a rule confining it to him would be an embargo upon the object. This could not have been intended, and the right to have the assistance of counsel is justified by the same principles. Whether the questions proceed from the judge or from counsel, the examination, so far as any is allowed, must have the sanction of the court, and no one will contend for the empty form of having the questions suggested to the judge in order that he may literally put them. The statute contemplates nothing of the kind. It virtually assumes that the examination will be conducted in the way usually practiced in the probate court. The common course in some jurisdictions is to proceed on written interrogatories, but no one has ever supposed that they must be actually framed and drawn up by the judge. Yet the objection we are considering would require it. Extended discussion is unnecessary.

The order is affirmed with costs against the plaintiff in *certiorari*.

The other Justices concurred.