DAVIDSON *v.* YOUNG.

1. TRUSTS—ACCOUNTING—BURDEN OF PROOF.

Where a trustee files a bill of complaint seeking court's approval of his accounts as such, the filing of a cross bill is not required for the protection of beneficiaries since the burden is on the accounting trustee to prove to the court's satisfaction the correctness of the account and a compliance with the provisions of the trust instrument.

2. SAME—SURCHARGE OF TRUSTEE FOR LOSSES—PLEADING.

Trustee who filed bill in both his individual and trust capacities praying that all beneficiaries seeking to surcharge him may be required to present their claims for adjudication and that the court direct a division and distribution of the trust estate among the beneficiaries thereby invited issue raised by one beneficiary in answer and cross bill in which she sought to surcharge him, both in his official and individual capacities, with losses alleged to have been caused by his maladministration of the trust and the filing of such cross bill did not violate any court rule or practice (3 Comp. Laws 1929, § 15082).

3. SAME—ACCOUNTING—PRIMA FACIE CASE—CROSS EXAMINATION.

In trustee's suit for approval of accounts and for winding up the trust, interlocutory order defining accounting procedure whereby some 15 annual audits of his account as trustee and those of two corporations which were heavily indebted to the trust, which latter had been made by certified public accountants, were to constitute a *prima facie* accounting and which excused plaintiff from cross examination *held*, highly improper.

4. WITNESSES—CROSS EXAMINATION.

The right of cross examination should be restricted only within reasonable bounds.

5. TRUSTS—ACCOUNTING—CROSS EXAMINATION.

The ability to trace out transactions and ascertain the truth in fiduciary matters must depend so much upon such disclosure or discovery as is freely made on the one hand or coerced on

the other that the right of cross examination must not be fettered where necessary explanation is not spontaneous but requires pressure.

Appeal from Bay; McCormick (James L.), J. Submitted June 21, 1939. (Docket No. 51, Calendar No. 40,435.) Decided September 5, 1939.

Bill by James E. Davidson, individually, and as trustee of the James Davidson trust, against Sarah D. Young, Marion D. Osburn, and Laura I. Tomlinson for instruction on termination of the trust, distribution of trust estate, for approval of accounts and other relief. Cross bill by defendant Young against plaintiff for an accounting, to surcharge the plaintiff individually for alleged mismanagement of funds, for removal of plaintiff as trustee and other relief. Motion by plaintiff to dismiss cross bill. Motion granted and interlocutory decree entered from which defendant Young appeals. Reversed.

*Clark & Henry,* for plaintiff.

*Butzel, Eaman, Long, Gust & Bills* (*Leo M. Butzel* and *Victor W. Klein,* of counsel), for defendant Young.

*Heilman & Purcell,* for defendant Osburn.

CHANDLER, J. James Davidson in August, 1923, created a trust designated as the James Davidson trust, and named his son, James E. Davidson of Bay City, as trustee. The property involved consisted of real estate, stocks, bonds, cash and other assets of the book value of approximately $5,000,000. The primary purpose of the trust was to be the conversion of the trust property into money and the dis-

tribution of the net proceeds among the four children of the settlor, who were James E. Davidson, plaintiff herein, Sarah D. Young, one of the defendants and appellant, Marion D. Osborn and Laura I. Tomlinson, who were made defendants but have not appealed. The trust was to continue until the death of the last survivor of two children of the trustee, unless it should be sooner terminated in the discretion of the trustee. The trustee was to have the power to terminate the trust and make distribution of the corpus at any time he saw fit, and was to distribute the income among the four beneficiaries.

The settlor was about 82 years of age at the time he created this trust; and he departed this life in February, 1929. The pleadings are in dispute as to his mental and physical condition during the period between the creation of the trust and his death, the plaintiff claiming that during this period his father was active in the management of the trust property as well as other property owned by him, and that he consulted with his father during that time as to the handling of the trust property.

It appears from the pleadings that from the time of the creation of the trust until the filing of the bill of complaint in this case in October, 1936, that the appellant found a great deal of fault with the trustee over his handling of the trust and what she claimed to be mismanagement, and that there had been threats on her part, particularly after the death of the father, to institute proceedings against the trustee to surcharge him with losses occasioned by his mismanagement. Because of this, the bill of complaint herein was filed, in which the trustee sought the approval of the court of his administration of the trust, and instructions relative to the further administration and winding up of the trust; and also for an order of the court authorizing a

division and distribution of the trust estate among the persons entitled thereto. Answers to the bill of complaint were filed by appellant and also by the other defendants. Appellant, in her answer, denies the good faith of the trustee in his administration of the trust and insists that there was gross misman-agement and gross negligence on the part of the trustee, resulting in very large losses to the bene-ficiaries. Appellant also filed a cross bill of com-plaint in which she charged the trustee with willful abuse of the discretion vested in him as trustee. She further alleged that the trustee was continuing the trust as long as possible for the purpose of se-curing advantage over the other beneficiaries; that he had willfully and wantonly ignored the wishes of the beneficiaries; that he willfully and wantonly had abused his powers and discretion in the conduct of the trust; and that he had received benefits and advantages from the trust. The cross bill seeks to surcharge him for many losses the trust has sus-tained through his alleged gross and culpable neg-lect and asks for his removal as trustee and for the winding up of the trust affairs.

It appears from the pleadings that the principal items of complaint against the trustee in his man-agement of the estate relate to loans made by him, as trustee, to the Mt. Clemens Sugar Company and the Rock County Sugar Company, in both of which companies the settlor owned more than 90 per cent of the stock. It also appears from the pleadings that prior to the time of the creation of the trust, the settlor had loaned large sums of money to the Mt. Clemens Sugar Company, and that the company owed him approximately $638,000. From 1924 to about the time of the death of the settlor, further loans had been made to the sugar company by the trustee, so that as of the date last mentioned, the

company owed the estate $1,883,000. From 1929 to 1933, further loans were made and payments received, so that the indebtedness of the sugar company to the estate was $1,736,000. Since that time, no loans have been made, and the debt has been reduced to $1,667,000. It further appears from the pleadings that the net losses of the operation of the Mt. Clemens Sugar Company from March, 1925, to February, 1936, were $1,686,000, about $600,000 of which have occurred since the death of the settlor.

The losses of the Rock County Sugar Company from March 1, 1924, to February, 1936, were $590,-000, about $150,000 of which occurred subsequent to the death of the settlor. At the date of the creation of the trust, this company owed the settlor $400,000. Further loans were made by the trustee from the inception of the trust until 1935 in the amount of $2,068,000. It further appears that payments were made during said period amounting to $2,002,000, so that the indebtedness of the company to the estate increased about $65,000 during the administration of the trustee.

It is the contention of the appellant that it was the duty of the trustee, when he took charge of the trust, to liquidate said loans, and that if he had acted within a reasonable and proper time he could have collected the indebtedness of the sugar companies and the losses could have been avoided. It is her further contention that these loans that have been made will be entirely lost to the estate, and also that the stock held by the estate in said companies is a total loss.

After the filing of the cross bill of complaint, plaintiff filed an answer thereto, including therein a motion to dismiss said cross bill, claiming that no facts were alleged in the cross bill which were sufficient in law to make out a *prima facie* case of willful

and corrupt breach of trust on the part of the trustee; that all charges of bad faith in said cross bill were in the nature of conclusions, unsupported by allegations of fact; that the cross bill was insufficient in law to support cross plaintiff's claim of right to surcharge the trustee or hold him responsible for any loss or damage; and that the taking of proofs in respect to the allegations of the cross bill would subject the parties to great expense which ought not to be incurred unnecessarily. In his motion to dismiss, the plaintiff sought alternative relief, said motion reading as follows:

"Further answering the cross bill of complaint of defendant Sarah D. Young, and seeking affirmative relief thereon, cross defendant says:

"(a) The ninth paragraph of the declaration of trust is as follows, viz:

"'9. Trustee's liability to beneficiaries. No bond required.

"'The trustee shall not be required to give a bond and shall be responsible to the beneficiaries only for his willful and corrupt breach of trust, and not for any honest error of judgment.'

"(b) Cross defendant has always acted in good faith, and has been guilty of no willful and corrupt breach of trust.

"(c) No facts are alleged in the cross bill of defendant Sarah D. Young which are sufficient in law to make even a *prima facie* case of willful and corrupt breach of trust on the part of cross defendant. All charges of bad faith are in the nature of conclusions unsupported by allegations of fact.

"(d) The cross bill is insufficient in law to support cross plaintiff's claim of right to surcharge the trustee or to hold cross defendant responsible for any loss or damage.

"(e) The taking of proofs with respect to the allegations of the cross bill of complaint will subject the parties to great expense which ought not to be incurred unnecessarily.

"Cross defendant therefore moves the court that the said cross bill of complaint of defendant Sarah D. Young be dismissed as not sufficient in law to require the taking of proofs thereon.

"If this motion is denied, cross defendant prays that a preliminary hearing be held, and an interlocutory decree entered of the nature customary in accounting suits, whereby preliminary questions of law may be decided and if necessary preliminary issues of fact may be framed for the purpose of determining whether cross plaintiff Sarah D. Young is entitled to demand any other and further accounting, or any other and further relief than the accounting already made, up to and including December 31, 1935, and the additional accounting and relief tendered in plaintiff's bill of complaint, and, if so, the nature and extent of such accounting and the general nature and description of the transactions to be included therein."

The lower court, in December, 1938, granted the motion of the trustee to dismiss, and determined that plaintiff was entitled to an interlocutory decree covering the matters to be determined on the accounting and defining the procedure to be followed. The order read as follows:

"1.   In so far as the cross bill of complaint filed by defendant Sarah D. Young seeks to surcharge the trustee, or to impose liability upon him for his action or inaction with respect to the continued operation of the factories of the Mount Clemens Sugar Company and Rock County Sugar Company, and the loaning of trust funds to assist in such operations, the facts alleged in said cross bill are held insufficient in law to establish the liability claimed, and proofs in support of such allegations are excluded, plaintiff's objections thereto sustained and relief in respect thereto denied.

"2.   It appearing to the court, that the filing of a cross bill of complaint in a proceeding for fiduciary

accounting is not an approved practice, and is not required for the protection of any of the beneficiaries, but that all of the relief properly sought by said cross bill can be obtained and the rights of the cross plaintiff protected by the provisions hereinafter made for further proceedings in this cause, the said cross bill is hereby dismissed.

"3.  It further appearing that plaintiff and cross defendant is entitled to an interlocutory decree covering the matters to be determined on the accounting and procedure even though asked for in the motion in the alternative, it is hereby ordered

"(a)   Within 10 days from the date of this order, plaintiff shall file with the clerk of this court, annual audits of his accounts as trustee, and annual audits of the transactions of the Mount Clemens Sugar Company and Rock County Sugar Company, as made by certified public accountants, and referred to in the pleadings, and also similar audits completed since the pleadings were filed.  The filing of these audits will constitute a *prima facie* accounting by the trustee of all of his transactions as such. Copies of such audits shall be furnished to counsel for defendants.

"(b)   Within 30 days from the filing of such audits and the receipt thereof by counsel, any one of the defendants may file and serve such specific request or requests for additional information in regard to the subjects of such accounting, as are not inconsistent with the terms of this order, and of the court's opinion of October 5, 1938, upon which this order is based.

"(c)   Plaintiff as trustee shall have 15 days from the filing of any such request, either to comply therewith or to file his objections to the propriety or materiality thereof.  Any issues so raised may be submitted to the court on the motion of either party. If the additional information requested will require more than 15 days for preparation and filing, additional time may be allowed therefor on application to the court.  In so far as any information furnished

hereunder leads any defendant to further inquiry, any such defendant may request such further information in the same manner as is provided under (b) hereof within 30 days after the information leading to such further inquiry is furnished by plaintiff under (c) hereof.

"(d)    Within 30 days from the furnishing of such information, of the decision of the issues raised in regard thereto any defendant seeking to add any charge item to or to exclude any discharge item from the trustee's accounts may (in so far as may be consistent with the terms of this order) file and serve a detailed specification of such items.

"(e)    Within 15 days thereafter, the trustee shall file and serve his answer to such specification.

"4.    Any issue so raised may be heard by the court or on motion, may be referred by the court to a circuit court commissioner and proofs may be taken thereon.

"5.    If referred to a circuit court commissioner, his report shall be subject to exceptions, which may be brought on for hearing by the court on motion of any party.

"6.    Any claim made or action taken by any party under any section of this order shall not bar such party from making additional claims or taking supplemental action under the same section at a later stage of the proceeding, if justified by surprise or by the disclosure of facts previously unknown."

From the order dismissing the cross bill, appellant filed her claim of appeal, and obtained leave of this court to appeal from paragraphs three to six, inclusive, of that portion of the court's order which defines the accounting procedure.

The court in the foregoing order refers to his opinion upon which said order is based, and we quote therefrom such portions as are deemed essential to a discussion of the questions involved.

"'The case was brought into this court on the bill of complaint of the plaintiff, as trustee and in his individual capacity, in which he alleges that he has, in accordance with the terms of the trust, elected to terminate the trust; that he has been criticised by one of the beneficiary defendants, who has expressed her intention to attempt to surcharge him for losses suffered by the trust, and although he denies all liability for losses he is willing that any claim made in good faith in the nature of a surcharge be investigated and determined by the court; that his accounts as trustee have been annually audited by certified public accountants, copies of which audits having been submitted to the beneficiaries, asking that such audits be allowed as an accounting on his part and that the court fix his allowance of compensation as trustee; that instructions be given plaintiff as to the proper administration and winding up of the trust; and that the court authorize and direct a division of the trust estate. * * *

"Defendant Sarah D. Young files answer admitting the jurisdiction of the court in regard to the affairs of the trust, and consenting to an adjudication by this court. With her answer she files cross bill asking that the trustee be surcharged for losses claimed to have been sustained by the trust.

"The argument of counsel and briefs filed are directed to the cross bill in so far as it attempts to surcharge the trustee, the motion, however, being to dismiss the cross bill in its entirety.

"In addition to asking that the trustee be surcharged the cross bill prays for relief as follows:

" 'Paragraph 2 of the prayer. That the trustee make full and complete discovery and produce all books and papers, et cetera, for inspection and audit;

" '3. That the trustee make full and detailed account of all of the assets conveyed to him, subject to the trust, and of all transactions as trustee showing all receipts and disbursements in detail;

" '5. That the trustee be enjoined from distributing any part of the trust to himself.

" '6. That the trustee be enjoined from continuing the operations of the Mt. Clemens Sugar Company and Rock County Sugar Company

and from loaning other funds of the trust to either of these companies, and that he be directed to liquidate both companies;

" '7. That the trustee be removed and a successor appointed, with directions to liquidate the trust and distribute the assets. * * *'

"The principal cause of complaint by the cross plaintiff is in regard to the Mt. Clemens Michigan Sugar Factory and the Rock County Wisconsin Sugar Factory, engaged in the manufacture of sugar from sugar beets. * * * These sugar factories were managed by the settlor of the trust at the time the trust was created, and continued to be managed by him in their corporate form until the time of his death in 1929. The indebtedness of the sugar companies was for moneys advanced for the operation of the factories in the manufacture of sugar and for extensions of one of the factories. The trustee continued to advance money to these companies after the creation of the trust, or permitted the settlor to use trust moneys for that purpose. The trust suffered some losses on account of the operation of these sugar factories up to the time of the death of the settlor in 1929, and may have suffered some losses since that time. * * * Cross plaintiff surcharges the trustee for his failure to liquidate these corporations at the time the trust was created, or soon thereafter, because of operating losses and his failure to avoid further claimed losses arising from the advancement of moneys for operation expenses. The trustee alleges in his sworn answer to cross bill and claims that he relied upon the judgment of his father, the settlor of the trust, who was a man experienced in the operation of such factories and of wide general business experience, and also upon his own honest judgment as to the manner of handling the situation for the best interest of the trust.

"The reply of cross plaintiff in effect claims that the trustee had no legal right to rely upon the judgment of his father without seriously disputing the fact that he did make such reliance.

"The declaration of trust was executed by the trustee on the 7th day of August, 1923. The 9th paragraph of the declaration provides:

" 'The trustee shall not be required to give a bond and shall be responsible to the beneficiaries only for his willful and corrupt breach of trust and not for any honest error of judgment.'

"It is the contention of the plaintiff trustee that because of this provision the trustee cannot be surcharged under the allegations of the cross bill.

\* \* \*

"While the trust instrument states that the primary purpose is the conversion of the trust property into money and the distribution thereof, the trust instrument nevertheless left it in the discretion of the trustee to postpone such conversion and distribution for a period of the lifetime of the trustee's children, which might be a long time in the future.

"If there is any doubt as to the time in which the conversion and distribution should be had, the practical construction of the instrument by the settlor in continuing the operation of the sugar factories and the making of loans for their operating expenses indicates that the conversion was to await an advantageous time for such conversion. While the trustee cannot escape legal responsibility because of the acts of the settlor, this circumstance is to be taken into consideration in determining whether or not the trustee was guilty of gross negligence. In the opinion of the court the pleadings do not contain any allegation of fact making the trustee liable because of the provision in the trust instrument stating that the primary purpose of the trust is a conversion into money and the distribution thereof.

\* \* \*

"The trustee claims in his sworn answer to the cross bill that he relied upon the judgment of his father, the settlor, in continuing the operation of the factories and in continuing to make advances for operating expenses. The cross plaintiff in reply says that the trustee had no legal right to depend

upon the judgment of the father and that the trustee alone is responsible. The court believes that the trustee did have a right to rely upon the judgment of his father and any other officers of the corporate organizations as to the continuance of operations, and that the trustee had the power both to continue operations and to continue to make advances from the trust funds for their operations.    *    *    *

"The facts are convincing that the only purpose of the trustee was to preserve the assets of the trust. The trustee was himself a one-fourth beneficiary in the trust and had at stake his own financial interest as well as the interest of the other beneficiaries. *    *    *

"It is argued on the part of the cross plaintiff that it is against public policy to give effect to the immunity clause. Whatever the rule may be as to commercial, contractual or corporate trustees it is not, in the opinion of the court, against public policy in a gratuitous trust such as this where the trust is created by a father for the benefit of his children and where the trustee named is one of such children and one of the beneficiaries. *    *    *

"It is the conclusion of the court that the cross bill taken together with the sworn answer of the trustee, uncontroverted by the cross plaintiff, do not show grounds for surcharging the trustee, and that the cross bill in so far as it seeks that remedy should be dismissed."

It will be noted that the court, in reaching his conclusion to dismiss the cross bill, took into consideration not only the allegations of the cross bill, but the sworn answer of the trustee thereto, from both of which he found no grounds for surcharging the trustee, because of the exculpatory clause in the trust agreement.

We can agree with the court below that where a trustee files a bill of complaint seeking an approval of his accounts as such, the filing of a cross bill is

not required for the protection of the beneficiaries, because the burden is on the accounting trustee to prove to the satisfaction of the court the correctness of his account and a compliance with provisions of the trust instrument.   However, here we have a situation differing somewhat from the usual accounting proceeding.   One of the beneficiaries, the appellant, had, according to the allegations of her cross bill, threatened to file a bill of complaint against the trustee charging him with maladministration of the trust causing losses to the beneficiaries, and to surcharge said trustee with said losses and ask for his removal as such trustee. This she had an undoubted right to do.

The trustee in his sworn answer to the cross bill admits that he had information that appellant intended to take such action.   Counsel for plaintiff in their brief concede that the bill of complaint was filed to forestall such action, inasmuch as plaintiff desired to terminate said trust and be released from further administration thereof.   We find also a distinction between the instant case and the usual accounting case in that plaintiff has filed his bill of complaint in his capacity as trustee as well as in his individual capacity, praying,

"(2) That all beneficiaries who may seek to surcharge the trustee may be required to present their claims for adjudication in this proceeding   *   *   *

"(8) That this court authorize and direct a division and distribution of the trust estate among the persons entitled thereto in the manner provided by 3 Comp. Laws 1929, §.15082 (Stat. Ann. § 27.2099)."

In effect, we think plaintiff by filing his bill in both his official and individual capacities, praying for the foregoing relief, invited the issue that is made by appellant's answer and cross bill.   Furthermore, the appellant in her cross bill sought affirma-

tive relief against plaintiff both in his official and individual capacities.

"5. That pending the final determination of this cause, the cross defendant, James E. Davidson, and any successor trustee of the James Davidson trust be enjoined from distributing unto the cross defendant, James E. Davidson, or his heirs, administrators, executors, representatives or assigns, any income or principal which might otherwise be distributed to him by the trustee of the said James Davidson trust, so as to secure and safeguard the trust estate the amount decreed in this cause to be due and owing from the cross defendant to the James Davidson trust.

"6. That the cross defendant, James E. Davidson, as trustee, and any successor trustee of the James Davidson trust, be enjoined pending the determination of this cause, and by final decree, from continuing the operations of either the Mt. Clemens Sugar Company or the Rock County Sugar Company, or from loaning other funds of the trust to either of said companies, and that by said decree the trustee be directed promptly to cause said companies to be liquidated, with a view of salvaging thereby such moneys as may be recovered to apply upon the indebtedness of said Sugar Companies to the James Davidson trust."

After a careful review of the pleadings and the issues which are presented thereby, as well as the trust agreement involved, we do not think any serious consequences or results would have followed a denial of the motion for dismissal of the cross bill. Nor do we find that the appellant by the filing of a cross bill to the bill of complaint filed by the trustee, both in his official and individual capacities, violated any rule or practice of this court.

We are now concerned with the question as to whether or not the trial court erred in entering the

order defining the accounting procedure, and in directing the entry of an interlocutory decree in accordance therewith. We are constrained to say that the order of the court, constituting the trustee's annual audits of his accounts covering a period of 15 years, together with the annual audits of the transactions of the sugar companies as made by certified public accountants and referred to in the pleadings, as a *prima facie* accounting by the trustee, was most unusual, without requiring the trustee to submit to an oral examination in open court or to submit to the court or the beneficiaries any proof other than the mentioned audits.

While the order permits the beneficiaries to seek further information relative to the trustee's account, it requires it to be done by petitions as set forth in subdivisions (a), (b), (c), (d), and (e) of paragraph three of said order.

Such an order as the one here complained of is not in accord with the usual and customary practice, certainly not in an action such as this where a trustee is seeking an allowance of his account and his release from liability for his doings in connection with the trust estate. This is so because the duty rests upon the trustee to account, and the burden is upon him to establish the correctness thereof, to disclose fully and fairly to the beneficiaries what he has done with the money belonging to them, as well as to satisfy the court that his administration of the trust has been in accord with the provisions of the trust instrument.

If the order is permitted to stand, the transactions with the sugar companies are exempted from attack and the trustee excused from cross examination. This is highly improper, because any testimony throwing light on the trustee's management may be considered in taking the accounts and in

determining the view to be taken of the conduct of the trustee. In many cases, and possibly this, the trustee would be the only person from whom pertinent information might be obtained. The right of cross examination should be restricted only within reasonable bounds.

"Cross examination as a distinctive and vital feature of our law. For two centuries past, the policy of the Anglo-American system of evidence has been to regard the necessity of testing by cross examination as a vital feature of the law. The belief that no safeguard for testing the value of human statements is comparable to that furnished by cross examination, and the conviction that no statement * * * should be used as testimony until it has been probed and sublimated by that test, has found increasing strength in lengthening experience * * * it is beyond any doubt the greatest legal engine ever invented for the discovery of truth." (3 Wigmore, Law of Evidence [2d Ed.], p. 26, § 1367.)

In the case of *In re Rathbone's Estate,* 44 Mich. 57, involving an accounting, this court said:

"The right of examination in such cases is one of great importance, and it is not easy to see how it can be made oppressive to any honest trustee. In a great number of cases the ability to trace out transactions and ascertain the truth in fiduciary matters must depend very much at least upon such disclosure or discovery as is freely made on the one hand or coerced on the other, and the reason is very strong against anything likely to fetter the power, where necessary explanation is not spontaneous but requires pressure."

Many other questions are discussed in the voluminous briefs filed by counsel for both parties which are purely academic to the issue raised by this appeal. We deem comment thereon entirely unnecessary.

The order of the trial court dismissing appellant's cross bill, defining the accounting procedure, and directing the entry of an interlocutory decree is vacated, set aside and held for naught, and the case is remanded for hearing on the issues raised by the pleadings in accordance with the rules and practice governing hearings in chancery proceedings. Costs to appellant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, NORTH, and McALLISTER, JJ., concurred with CHANDLER, J. POTTER, J., concurred in the result.